UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL STRONG,

                    Plaintiff,                              **DECISION AND ORDER**

          v.                                               1:24-CV-00303 EAW

JUDGE JOHN L. SINATRA, JR.,

                    Defendant.
_____

## INTRODUCTION

*Pro se* plaintiff Paul Strong ("Plaintiff") brings this action against defendant Judge John L. Sinatra, Jr. ("Judge Sinatra"), complaining of various actions Judge Sinatra has taken while presiding over *Strong v. Watson*, Case No. 1:22-cv-00552 (the "Watson Action"), a civil action pending in this District.  (Dkt. 1).  For the reasons that follow, the Court *sua sponte* dismisses Plaintiff's complaint.

## BACKGROUND

Plaintiff alleges that while presiding over the Watson Action, Judge Sinatra "did nothing to protect [his] federally protected rights" and "ultimately dismissed [his] substantial civil rights lawsuit without a showing of a legal basis, denied [his motion] for summary judgment even though it is clear that no genuine dispute exists as to the fact that there is a clear absence of all jurisdiction to prosecute [him] in a state criminal court since there is no crime committed which deprives the state and local law violators of jurisdiction to arrest, detain and prosecute [him] and deprives Judge Sinatra of jurisdiction to dismiss

- 1 -

[his] civil rights lawsuit." (Dkt. 1 at 5).  Plaintiff further alleges that Judge Sinatra "refused to honor A FRCP 55 default judgment entered in [Plaintiff's] favor by the Court clerk after the defendant . . . failed to answer" and "dismissed [his] lawsuit 'WITH PREJUDICE' . . . even though he has no legal basis for the dismissal and there is no legally cognizable basis for his dismissal 'WITH PREJUDICE'." (*Id.*).  Judge Sinatra further allegedly "declined to intervene in the state ongoing case despite [Plaintiff's] strong showing of bad faith harassment by the state court actors and law violators and a strong showing of a meritorious application for a temporary restraining order[.]" (*Id.* at 9).

Plaintiff makes an entirely unsupported assertion that Judge Sinatra's actions were motivated by racial animus, as well as unsupported assertions of a conspiracy between Judge Sinatra and the defendants in the Watson Action.  (*See id.* at 5-8).  Plaintiff seeks "FIFTEEN MILLION DOLLARS COMPENSATORY DAMAGES ON EACH CLAIM MULTIPLIED BY TWELVE and FIFTEEN MILLION DOLLARS PUNITIVE DAMAGES ON EACH CLAIM MULTIPLIED BY TWELVE AS JOINT AND SEVERAL LIABILITY CLAIMS." (*Id.* at 8).

## DISCUSSION

### I.    Legal Standard

The Second Circuit has held that a court has the inherent authority to dismiss frivolous claims *sua sponte* "even if the plaintiff has paid the filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000); *see also Sibley v. Geraci*, 858 F. App'x 415, 417 (2d Cir. 2021) ("District courts have inherent authority to dismiss a frivolous complaint *sua sponte*."); *Preacely v. City of New York*, 622 F. App'x

14, 15 (2d Cir. 2015) ("A district court has the inherent authority to dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.").  The Second Circuit has upheld the *sua sponte* dismissal of complaints as frivolous where the claims are barred by absolute judicial immunity.  *See Sibley*, 858 F. App'x at 417 (affirming *sua sponte* dismissal of claims where "the only actions complained of were those taken by a federal judge within the scope of his judicial responsibilities and by two court clerks as part of the judicial process, and any legal claim arising out of such actions is barred by absolute judicial immunity"); *Deem v. DiMella-Deem,* 941 F.3d 618, 621 (2d Cir. 2019) ("Because Judge Gordon-Oliver was thus clearly entitled to judicial immunity, the district court did not err in *sua sponte* dismissing the claims against her as frivolous."); *Heath v. Justices of Supreme Court*, 550 F. App'x 64, 64 (2d Cir. 2014) (affirming *sua sponte* dismissal of complaint where "[b]ecause all the actions taken by the judicial defendants and complained of . . . were actions taken in their judicial capacity and in connection with [plaintiff's] federal and state court proceedings, [plaintiff's] claims [were] foreclosed by absolute immunity").

## II.    Plaintiff's Claims are Barred by Absolute Judicial Immunity

Judges are absolutely immune from suit for money damages for any actions taken within the scope of their judicial responsibilities.  *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 12 (1991).  "Such judicial immunity is conferred in order to insure 'that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).  "Thus, even

allegations of bad faith or malice cannot overcome judicial immunity." *Id.*  Indeed, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation omitted).

The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity.  *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Id*. at 356-57 (quoting *Bradley*, 80 U.S. (13 Wall.) at 351); *see also Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir. 1988) (finding no immunity where town justice issued arrest warrant for conduct which took place within neither his town nor an adjacent town, thereby acting in the absence of all jurisdiction).

Here, while Plaintiff attempts to allege that Judge Sinatra acted in the absence of all jurisdiction (*see, e.g.,* Dkt. 1 at 7), his factual allegations make clear that every action by Judge Sinatra he complains of was taken in connection with the Watson Action.  There can be no question that Judge Sinatra, a federal district judge with a duty station in this District, has jurisdiction to preside over a civil action pending in this District.  While Plaintiff clearly disagrees with the factual basis for Judge Sinatra's rulings in the Watson Action, that is insufficient to establish any lack of jurisdiction, much less a clear absence of all jurisdiction.

Second, a judge is immune for actions performed in his judicial capacity. *C.f., e.g.,* *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) (finding no immunity where judge assaulted litigant). Plaintiff complains of precisely that: actions that Judge Sinatra performed in his judicial capacity. Therefore, absolute judicial immunity bars Plaintiff's claims against Judge Sinatra and, thus, Plaintiff's claims against Judge Sintra must be dismissed.

## III. Notice and Leave to Amend

The Second Circuit has observed that "the general rule is that a district court has no authority to dismiss an action *sua sponte* without first providing a plaintiff with notice and an opportunity to be heard." *Ethridge v. Bell*, 49 F.4th 674, 682 (2d Cir. 2022). However, "dismissal without notice is permissible when it is 'unmistakably clear' that the underlying case is frivolous or the court lacks jurisdiction." *Tewari v. Sattler*, No. 23-36-CV, 2024 WL 177445, at *1 (2d Cir. Jan. 17, 2024) (quoting *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) and affirming *sua sponte* dismissal without notice of claims barred by absolute judicial immunity). Because it is unmistakably clear that Plaintiff's claims against Judge Sinatra are frivolous, the Court need not provide Plaintiff with notice prior to dismissing the instant action.

The Second Circuit has also advised that a *pro se* complaint should not be dismissed without an opportunity to amend unless such amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 122 (2d Cir. 2000). The Court has considered whether to grant Plaintiff leave to amend, but finds that because the defects in Plaintiff's complaint are

substantive, "better pleading will not cure [them]." *Id.*  Accordingly, Plaintiff's complaint is dismissed with prejudice.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court *sua sponte* dismisses Plaintiff's complaint (Dkt. 1) with prejudice as frivolous.  The Clerk of Court is directed to close the case.

Although Plaintiff has paid the filing fee to commence the instant action, should he seek leave to appeal *in forma pauperis*, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  Any request to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      April 3, 2024
            Rochester, New York